DONALD M. RÉ, SBN 49079
A Professional Law Corporation
One Wilshire Building
624 S. Grand Avenue, 22nd Floor
Los Angeles, California 90017
Telephone: (213) 623-4234
Email: donaldmreplc@yahoo.com

Attorney for Defendant
HUNG CAO NGUYEN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | USDC CASE NO. 2:12-cr-0309-JAM |
| ) | |
| Plaintiff, ) | STIPULATION AND |
| ) | ORDER CONTINUING STATUS |
| v. ) | CONFERENCE AND EXCLUDABLE |
| ) | TIME |
| HUNG CAO NGUYEN, ) | |
| NATHAN V. HOFFMAN, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

IT IS HEREBY STIPULATED by and between Assistant United States Attorney Jason Hitt, counsel for the plaintiff United States of America, and defendant Nathan V. HOFFMAN, by and through his counsel Robert Helfend, Esq., defendant Hung NGUYEN, by and through his counsel Donald M. Ré, Esq., defendant Steve MARCUS, by and through his counsel Donald M. Heller, Esq., and defendant Brooks MURPHY, by and through his counsel John Balazs, Esq., and defendant Jesus BRUCE, by and through his counsel, Hayes H. Gable, III, that the currently set status conference set for February 12, 2013m at 9:45 a.m., should be continued to April 9, 2013, at 9:45 a.m.

In addition, the parties stipulate and agree that time should be excluded under the Speedy Trial Act

because more than 5,000 pages of discovery has already been provided to a third party discovery service and is available to the defense. As a result, counsel for each defendant needs additional time to review the voluminous materials and determine how best to proceed in this matter. The discovery in this case and the facts of the alleged conspiracy are "complex" within the meaning of 18 U.S.C. §3161(h)(7)(B)(ii) (Local Code T2). In particular, the discovery produced to date consists of more than 5,000 bates-numbered items which includes reports, video, and audio materials. The discoverable material also spans four search warrants served at locations alleged to be associated with defendants HOFFMAN and NGUYEN. In addition, counsel for defendant NGUYEN has been notified that approximately 20 boxes of search warrant material seized from marijuana dispensaries in Southern California are available for his review a the IRS Office in Sacramento. The underlying Criminal Complaint in this case is more than 50 pages and incorporates an even longer affidavit from a previously-executed search warrant related to defendant HOFFMAN. In addition, this case is directly related to pending cases charging more ten defendants in the Eastern District of California: <u>United States v. Ebyam</u>, Case No. 2:11-cr-00275 JAM, and <u>United States v. Ebyam, et al.</u>, Case No. 2:11-cr-00276 JAM. These pending cases add to the unusual nature of the case and increase the complexity of defending each of these defendants. As a result, each of the defendants agree that a continuance of the status conference is appropriate.

Counsel further stipulate that an exclusion of time from February 12, 2013 to April 9, 2013, is appropriate under the Speedy Trial Act because of the need by defense counsel to continue reviewing the voluminous pre-indictment discovery and each defense counsel represents that each need substantial additional time to review the discovery. In addition, each defendant's counsel concurs that this matter is "complex" within the meaning of 18 U.S.C. §3161(H)(7)(b)(ii) (Local Code T2) because of the voluminous discovery, the complexity and unusual nature of the underlying conspiracy theory, and the many pending indicted defendants in two related cases. As a result, counsel for both parties stipulate the ends of justice

are served by the Court excluding such time and outweigh each defendant's interest in a speedy trial, as well as the public's interest in a speedy trial, so that counsel for each defendant may have reasonable time necessary for effective preparation, taking into account the exercise of due diligence under 18 U.S.C. §3161(H)(7)(B)(iv). Therefore, time should be excluded from computation under the Speedy Trial Act under 18 U.S.C. §3161(h)(7)(A) (Local Code T4). The parties further stipulate that time should be excluded based upon the complexity of this case under 18 U.S.C. §3161(h)(7)(B)(ii) (Local Code T2).

Dated: February 4, 2013 /s/ Donald M. Ré
JASON HITT
Assistant U.S. Attorney
Authorized to sign for
AUSA Hitt on 2-4-13

Dated February 4, 2013 /s/ Donald M. Ré
ROBERT HELFEND, ESQ.
Counsel for defendant
NATHAN V. HOFFMAN
Authorized to sign for
Mr. Helfend on 2-4-13

Dated: February 4, 2013 /s/ Donald M. Ré
DONALD M. RÉ, ESQ.
Counsel for Defendant
HUNG NGUYEN

Dated: February 4, 2013 /s/ Donald M. Ré
DONALD M. HELLER, ESQ.
Counsel for defendant
STEVE MARCUS
Authorized to sign for
Mr. Heller on 2-4-13

Dated: February 4, 2013 /s/ Donald M. Ré
JOHN BALAZS, ESQ.

```
 1                                              Counsel for defendant
                                                BROOK MURPHY
 2                                              Authorized to sign for
                                                Mr. Balazs on 2-4-13
 3
 4
 5   Dated: February 4, 2013                    /s/ Donald M. Ré
                                                HAYES H. GABLE, III, ESQ.
 6                                              Counsel for defendant
                                                JESUS BRUCE
 7                                              Authorized to sign for
                                                Mr. Gable on 2-4-13
 8
```

**ORDER**

Based upon the representation by counsel and the stipulation of the parties, **IT IS HEREBY ORDERED** that:

1. The status conference set for February 12, 2013, at 9:45 a.m. is vacated;

2. A new status conference is set for April 9, 2013, at 9:45 a.m. and

3. Based upon the above representations and stipulation of the parties, the Court finds that the ends of justice outweigh the best interest of the public and each defendant in a speedy trial. Accordingly, time under the Speedy Trial Act shall be excluded through April 9, 2013, pursuant to 18 U.S.C. §3161(h)(7)(A) (Local Code T4). The Court further finds that this case is complex and unusual because of the voluminous discovery supporting the charges, the unique form of drug conspiracy in the case, and the large number of pending indicted defendants in two related cases captioned: United States v. Ebyam, Case No. 2:11-cr-00275 JAM, and United States v. Ebyam, et al., Case No. 2:11-cr-00276 JAM. Accordingly, time under the Speedy Trial Act shall be excluded through April 9, 2013, pursuant to 18 U.S.C. §3161(h)(7)(B)(ii) (Local Code T2).

**IT IS SO ORDERED.**

Dated: February 5, 2013          /s/ John A. Mendez
                                 JOHN A. MENDEZ
                                 UNITED STATES DISTRICT COURT JUDGE