JOHN BALAZS, Bar No.157287
Attorney at Law
916 2nd Street, Suite F
Sacramento, California 95814
Telephone: (916) 447-9299
John@Balazslaw.com

Attorney for Defendant
BROOK MURPHY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No.   2:12-cr-0309-JAM |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | STIPULATION AND |
|  | ) | ORDER TO MODIFY |
| v. | ) | MOTIONS SCHEDULE |
|  | ) |  |
| NATHAN V. HOFFMAN, et al., | ) | Date:   August 4, 2015 |
|  | ) | Time:  9:15 a.m. |
| Defendants. | ) | Hon. John A. Mendez |

IT IS HEREBY STIPULATED, by and between Assistant United States Attorney Jason Hitt, counsel for the plaintiff United States of America, and defendant Nathan V. HOFFMAN, by and through his counsel Robert Helfend, defendant Hung NGUYEN, by and through his counsel Donald M. Re, defendant Steven MARCUS, by and through his counsel Donald M. Heller, and defendant Brook MURPHY, by and through his counsel John Balazs, and requested that the Court continue the current motions schedule to the following dates:

      Defendants' motions due:                April 7, 2015

| | Government's responses due: | June 23, 2015 |
|---|---|---|
| | Defendants' reply briefs due: | July 21, 2015 |
| | Hearing on motions: | August 4, 2015, at 9:15 a.m. |

Defendants' anticipate filing multiple motions, including one or more motions to dismiss and to suppress evidence and need additional time to investigate, prepare, and file such motions. All remaining defendants are out of custody. Further, the defense anticipates filing a motion to dismiss similar to the one filed in *U.S. v. Schweder*, et. al., 2:11-CR-0449-KJM, and believe it would be helpful for the parties and the Court to await the final ruling on the motion, which is expected to be filed by March 25, 2015. (The district court's ruling was expected on or before the status conference on March 11, 2015, but the court recently continued that status conference to March 25, 2015). Defense counsel believe it would be prudent and efficient to await that ruling before pretrial motions are filed in this case. Finally, the defense intends to incorporate Section 538 of the recent Budget Appropriations Law (signed 12/16/14) into one or more motions and requests more time to research its bearing on this case.

In addition, the parties stipulate and agree that time should be excluded under the Speedy Trial Act. The government provided more than 7,000 pages of discovery, as well as, video and audio materials. The government has also provided notice that significant additional, privacy-protected discovery is available

for viewing at the U.S. Attorney's Office.  As a result, counsel for each defendant needs additional time to review the voluminous materials, conduct necessary investigation, prepare a defense, and research and prepare motions.

The discoverable material spans four search warrants served at locations in Southern California and seven search warrants from seven sites in Northern California.  The underlying Criminal Complaint in this case is more than 50 pages and incorporates an even longer affidavit from a previously-executed search warrant related to defendant HOFFMAN.  In addition, this case is directly related to pending cases charging more than ten defendants in the Eastern District of California:  <u>United States v. Ebyam,</u> no. 2:11-cr-00275 JAM, and <u>United States v. Ebyam, et al</u>., no. 2:11-cr-00276 JAM.

Counsel further stipulate that an exclusion of time from the filing of this stipulation (March 10, 2015) to August 4, 2015 is appropriate under the Speedy Trial Act because of defense counsel's need to review the discovery, investigate, prepare motions, and prepare a defense for trial.  In addition, each defendant's counsel stipulates that this matter is "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T2) because of the voluminous discovery, the complexity and unusual nature of the underlying conspiracy, and the large number of pending indicted defendants in two related cases.  As a result, counsel for all parties stipulate the ends of justice are served by the Court excluding such time and

outweigh each defendant's interest in a speedy trial, as well as the public's interest in a speedy trial, so that counsel for each defendant may have reasonable time necessary for effective preparation, taking into account the exercise of due diligence under 18 U.S.C. § 3161(h)(7)(A) & (B)(ii) & (iv) (local code T4).

                                        BENJAMIN B. WAGNER
                                        United States Attorney

Dated: March 10, 2015                /s/ Jason Hitt
                                        JASON HITT
                                        Assistant U.S. Attorney

Dated: March 10, 2015                /s/ John Balazs
                                        JOHN BALAZS
                                        Attorney for defendant
                                        BROOK MURPHY

Dated: March 10, 2015                /s/ Robert Helfend
                                        ROBERT HELFEND
                                        Attorney for defendant
                                        NATHAN V. HOFFMAN

Dated: March 10, 2015                /s/ Donald M. Re
                                        DONALD M. RE
                                        Attorney for defendant
                                        HUNG NGUYEN

Dated: March 10, 2015                /s/ Donald Heller
                                        DONALD M. HELLER
                                        Attorney for defendant
                                        STEVEN MARCUS

# **ORDER**

Based upon the representation by counsel and the stipulation of the parties, **IT IS HEREBY ORDERED** that:

1. The motions schedule in this case is modified as set forth above with a hearing on August 4, 2015, at 9:15 a.m.; and

2. Based upon the above representation and stipulation of the parties, the Court finds that the ends of justice outweigh the best interest of the public and each defendant in a speedy trial. The Court further finds that the requested continuance is needed for defense preparation and that this case is complex and unusual because of the voluminous discovery supporting the charges, the unique drug conspiracy in the case, and the large number of pending indicted defendants in two related cases, <u>United States v. Ebyam,</u> No. 2:11-cr-00275 JAM, and <u>United States v. Ebyam et al.</u>, No. 2:11-cr-00276 JAM. Accordingly, time under the Speedy Trial Act shall also be excluded through August 4, 2015, pursuant to 18 U.S.C. §3161(h)(7)(A) and (h)(7) (B)(ii)&(iv) (Local Codes T2 & T4).

**IT IS SO ORDERED.**

Dated: March 10, 2015
/s/ John A. Mendez
HON. JOHN A. MENDEZ
U.S. District Court Judge