UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN HOFFMAN; HUNG CAO NGUYEN, aka JOHN NGUYEN; BROOK MURPHY; STEVEN MARCUS; JESUS BRUCE,<br><br>Defendants. | No. 2:12-cr-00309-JAM<br><br>**ORDER GRANTING DEFENDANTS NATHAN HOFFMAN, HUNG CAO NGUYEN AND BROOK MURPHY'S MOTIONS TO DIMISS COUNTS 1-4 OF THE INDICTMENT** |

I. BACKGROUND

Defendants Nathan Hoffman, Hung Cao Nguyen, Brook Murphy, Steven Marcus, and Jesus Bruce are charged in a five count indictment alleging conspiracy to manufacture and possess with intent to distribute marijuana, manufacture of marijuana, and conspiracy to launder monetary instruments (Doc. #41). In September 2014, the Court set a briefing schedule on Defendants' filings of motions to dismiss the indictment (Doc. #106). The Court allowed a number of continuances, the last one in April 2015 extending time to file opening briefs in anticipation of an order by District Judge Kimberly Mueller regarding similar

1

issues. See Stipulation and Order to Modify Motions Schedule at 2 (Doc. #118). This final briefing schedule ordered the parties to file briefs as follows:

> Opening briefs: May 5, 2015
>
> Opposition briefs: July 21, 2015
>
> Reply briefs: August 18, 2015
>
> Motions hearing: September 1, 2015

In accordance with the Court's order, Defendants Nguyen, Murphy, and Hoffman timely filed five motions to dismiss as to counts 1 through 4 of the indictment (Docs. ##121, 122, 124, 125, 127). July 21 came and went. On August 25, the Court noted that no opposition briefs had been filed, and ordered the government to show cause as to why the indictment should not be dismissed. Order to Show Cause (Doc. #133). The government responded, stating that the failure to file "was based upon [the prosecutor's] other responsibilities" and that it was not "aware of the extensive briefing that would be filed by the defendants[.]" Response to Order to Show Cause at 2 (Doc. #134).

By the time of the motions hearing on September 1, the government had filed no oppositions and no motion or stipulation for an extension of time. At that hearing, the Court did not hear argument on the merits of the motions, and instead directed the parties to brief the issue of whether the Court was required to grant the motions to dismiss in light of the government's failure to oppose them (Doc. ##135, 137). The parties timely submitted their briefs (Docs. ##146, 149, 150).[1]

---

[1] This issue was determined to be suitable for decision without oral argument.

II. OPINION

Analysis of this question begins with United States v. Warren, 601 F.2d 471 (9th Cir. 1979). In Warren, the district court dismissed an indictment where the government failed to respond to any of the motions to dismiss due to "an oversight." Id. at 473. The sole issue on appeal was "whether the court erred in dismissing the indictment under the authority of local rule 11(g)[,]" which provided that failure to file an opposition "shall constitute a consent . . . to the . . . granting of the motion." Id. & n.1. The government in that case argued that the local rule was "defective because it deprive[d] the district judge of discretion in determining whether a failure to respond to a motion should be deemed consent." Id. at 473. The Ninth Circuit upheld the dismissal. Id. at 474. The court reasoned that the local rule did afford discretion in that it allowed consent to be "withdrawn by permission of the court[.]" Id. (internal quotation marks omitted). It further reasoned that the district court did not abuse its discretion because the judge identified reasons for dismissing the case, including "the government's conduct, its failure to respond to numerous motions," and an "earlier unsuccessful trial" in a related matter. Id.

Both parties here acknowledge that Warren is not directly on point because this district has no comparable local rule to the one at issue in Warren.² The only sanction regarding filing of

---
² The government also cited United States v. Roberts, 978 F.2d 17 (1st Cir. 1992), which it described as "a situation similar to the present." Gov't's Memo. at 5. The Court disagrees with that characterization. In Roberts, the First Circuit reversed a

3

oppositions described in our local rules is that "[n]o party will be entitled to be heard in opposition to a motion at oral argument if that party has not timely filed an opposition to the motion." L.R. 430.1(d).

The government argues that this Court should interpret Warren to mean that granting a motion to dismiss in light of no opposition is only proper in the face of a local rule like the one in Warren. Otherwise, the government contends, the Court's power to dismiss the indictment is limited to circumstances such as "outrageous government conduct." See Gov't's Memo. at 7 ("Outside the narrow procedural authority recognized in Warren to dismiss based on application of a District's local rule, the Court's inherent authority to dismiss an indictment is limited."). The Court disagrees.

Warren held that a court may dismiss an indictment pursuant to a local rule. But that holding does not necessarily mean that a court may not dismiss in the absence of a local rule. To the contrary, Warren supports the proposition that a court has

---

summary grant of a motion to suppress where the government missed the deadline to file an opposition by (at most) four days. Id. at 19. Roberts is not relevant here, even if it were controlling authority, because there was a local rule in that case similar to the Warren local rule, id. at 19 n.2, and, more importantly, the government in Roberts had a justification for its failure to file. That is, the government did not receive a copy of the motion until shortly before the filing deadline, and it still would have managed to file its opposition on time but for a good faith mistake about computing time under Federal Rule of Criminal Procedure 45. Id. at 19. Based in large part on this justification, the First Circuit held that the government should have been entitled to be heard in opposition on the merits. See id. at 25. In contrast, and as discussed more fully below, the government here has put forth no valid excuse for its failure to oppose the motions.

4

discretion even where a local rule is absent; in particular, the Ninth Circuit concluded that Warren's local rule was proper in part because it did not foreclose the trial court's discretion. 601 F.2d at 473 (rejecting argument that the local rule was "defective because it deprives the district judge of discretion in determining whether a failure to respond to a motion should be deemed consent" because "[the local rule] does afford discretion").

Moreover, the Court is persuaded by other Ninth Circuit authority that the Court has discretion to dismiss even where a local rule is absent. It is clear that the government, like a defendant, may waive an argument by not properly presenting it. United States v. Gourley, 2006 WL 2585027, at *4 (E.D. Wash. Sept. 7, 2006) aff'd, 267 F. App'x 656 (9th Cir. 2008) ("Just as a ground for suppression is waived when not timely raised, the Court finds a ground raised in opposition to a motion to suppress may be waived as well."); cf. United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000) ("[T]he government may waive certain defenses [to a defendant's arguments] by not raising them in a timely manner.") (citing United States v. Barron, 172 F.3d 1153, 1156 (9th Cir. 1999) (en banc)); Hunter v. United States, 160 F.3d 1109, 1113 (6th Cir. 1998) ("[A]s with any other argument, the government can forfeit a waiver argument by failing to raise it in a timely fashion."). It is also clear that the Court has discretion not to consider an issue raised improperly. See United States v. Grandberry, 730 F.3d 968, 980 n.10 (9th Cir. 2013) ("[T]he district court would almost certainly have had the discretion to refuse to entertain an issue first raised [by the

government] after the briefing and hearing on the motion to suppress . . . ."). The Court therefore concludes that it does have discretion to disregard the government's arguments in opposition to the motions to dismiss, because the government did not properly raise any.

The Court exercises this discretion to disregard the government's waived arguments with great caution because of the general and well established belief that it is preferable to have cases decided on the merits. However, given the unique circumstances of this case, the Court finds that the exercise of its discretion here is appropriate. First, it appears that the government here did not even attempt to meet the court-ordered deadlines. Even before the motions were filed — at least a full six months before opposition briefs were due — the government was on notice of many of the issues the motions would involve. See Stipulation and Proposed Order to Modify Motions Schedule (Doc. #112) (dated January 13, 2015) (discussing reasons for continuing deadlines, including that "the defense anticipates filing a motion to dismiss similar to the one filed in [United States v. Schweder, 2:11-cr-449-KJM]" and "the defense intends to incorporate Section 538 of the recent Budget Appropriates Law . . . into their motion"). In fact, the government was already familiar with these issues, because one of the prosecutors working on this case also authored the opposition brief to the Schweder motion. See generally Plaintiff's Opposition to Defendants' Motion to Dismiss Indictment, United States v. Schweder, (Apr. 17, 2015) (No. 2:11-cr-449-KJM). The Court is therefore not sympathetic to the government's contention that it

was not "aware of the extensive briefing that would be filed by the defendants and the amount of time required to respond to each of the[] motions[.]"  See Response to Order to Show Cause at 2. The government itself acknowledges that this contention is "not [an] excuse" for its failure to oppose the motions.  See id.

A further consideration is the Court's interest in maintaining orderly, fair, and efficient procedures in handling criminal cases.  Cf. Schacht v. United States, 398 U.S. 58, 68-69 (1970) (Harlan, J., concurring) (opining that "[timeliness requirements] are essential to an orderly appellate process. Consequently, I believe our discretion [to excuse untimeliness] must be exercised sparingly, and only when an adequate reason exists").  The government's demonstrated apathy for the Court's deadlines weighs in the Court's decision to disregard the waived arguments.

The final reason is that the failure here was on behalf of the federal government, which the Court holds to a higher standard than the usual litigant.  See United States v. Smith, 506 F. App'x 600, 602 n.3 (9th Cir. 2013) ("[T]he party who failed to raise arguments in a timely fashion is not a party to whom we feel especially compelled to grant the benefit of the doubt — someone who like a pro se petitioner is bereft of legal guidance and litigation experience.  Rather, it is the federal government.  As we have stated before:  'As an officer of the court, the prosecutor has a heavy responsibility both to the court and to the defendant to conduct a fair trial.'") (quoting United States v. Escalante, 637 F.2d 1197, 1203 (9th Cir. 1980)). The government in a criminal case wields considerable power.  It

therefore "has a vital responsibility to criminal defendants, the courts, and to the public to exercise its powers responsibly and justly." Gourley, 2006 WL 2585027, at *4. The government's disregard for the Court's deadlines and its failure to oppose five motions pending since April is unreasonable and below the standard this Court expects from prosecutors representing the United States.

For these reasons, the Court concludes that all arguments in opposition to the motions are waived and will not consider them. See Smith, 506 F. App'x at 602 & n.3 (9th Cir. 2013) (noting district court's discretion to "decline to consider" waived arguments where "there [was] no excuse for the government's delay in raising these arguments") (citation omitted); Gourley, 2006 WL 2585027, at *4 (declining to consider untimely argument in opposition to motion to suppression where government "show[ed] a distinct and serious lack of preparation and responsiveness to issues clearly raised"). In light of the government's waiver of all arguments in opposition, the motions to dismiss are granted.[3]

III. ORDER

For the reasons set forth above, the Court GRANTS Defendants' motions because of the government's failure to timely oppose them. Counts 1 through 4 of the indictment are hereby dismissed as to Defendants Nguyen, Murphy and Hoffman. The case will proceed against Defendant Marcus on counts 3 and 4; and

---

[3] The Court does not reach and has not considered the merits of Defendants' motions, so it takes no position on the constitutional or other arguments discussed therein.

8

against Defendants Nguyen and Hoffman on count 5 of the indictment. Defendant Bruce has already entered a plea and has not yet been sentenced in this case. Since Defendant Murphy was named only in counts 1, 2 and 3 of the indictment, he is dismissed from this case.

The Court sets this matter for a further status conference on October 27, 2015 at 9:15 a.m. in Courtroom #6 and excludes time under the Speedy Trial Act (Local Code T-4) between the date of this Order and October 27, 2015. Finally, the Court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated: September 23, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE